**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>CITY OF ROSEVILLE EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>   Plaintiff-Appellant,<br><br> v.<br><br>STERLING FINANCIAL CORPORATION; et al.,<br><br>   Defendants-Appellees.</td><td>No. 14-35902<br><br>D.C. No. 2:09-cv-00368-SAB<br><br>MEMORANDUM*</td></tr>
</table>

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted May 10, 2017
Seattle, Washington

Before: McKEOWN, BEA, and N.R. SMITH, Circuit Judges.

City of Roseville Employees' Retirement System ("Roseville") appeals the

district court's dismissal of its class action securities fraud complaint for failure

---

   * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

adequately to plead falsity and scienter. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009). A party asserting a claim for securities fraud under section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, must plead "(1) a material misrepresentation or omission of fact, (2) scienter, (3) a connection with the purchase or sale of a security, (4) transaction and loss causation, and (5) economic loss." *Sparling v. Dauo (In re Dauo Sys., Inc.)*, 411 F.3d 1006, 1014 (9th Cir. 2005) (citing *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005)). The party must also meet the particularity requirements of Federal Rule of Civil Procedure 9(b), and the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), if the party seeks properly to plead a class action. Because Roseville failed to meet these standards, the district court properly dismissed the Second Amended Complaint ("SAC").

1.     Roseville alleges that Sterling Financial Corporation's ("Sterling") statements assuring investors of its "safe and sound" banking practices are false and misleading when measured against its actual banking practices at the time the

statements were made. Under the PSLRA, the SAC must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint [must] state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1)(B).

Even assuming that Sterling's "safe and sound" statements are not puffery, Roseville failed adequately to plead a material misrepresentation. The Cease and Desist Order ("CDO") does not establish that Sterling engaged in unsafe and unsound practices *at the time* the statements were made. *See Reese v. Malone*, 747 F.3d 557, 578 (9th Cir. 2014) ("Statements of legal compliance are pled with adequate falsity when documents detail specific violations of law that existed at the time the warranties were made."). Instead, as the district court reasoned, the CDO "only indicates what the FDIC believed at the time it issued the CDO." Roseville argues the specific reference in the CDO to the June 2009 Report demonstrates that regulators conclusively determined Sterling's banking practices were unsafe and unsound as early as June 2009. Even so, the June 2009 Report does not establish Sterling continued to engage in unsafe and unsound practices until July 23, 2009, when the final "safe and sound" statement was made.

**3.** "In order to state a claim for securities fraud that complies with the dictates of the PSLRA, the complaint must raise a 'strong inference' of scienter—*i.e.*, a strong inference that the defendant acted with an intent to deceive, manipulate, or defraud." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). To establish scienter, Roseville relies on circumstantial evidence, including Sterling's knowledge that regulators were present at the bank; confidential witness four's ("CW4") testimony that regulators communicated findings of unsafe and unsound practices to Sterling; Sterling executives' general statements that they had communicated with regulators in the past; the firing of two Sterling executives after the CDO was made public; and Sterling executives' management positions in the company.

None of Roseville's allegations, taken individually or collectively, "giv[e] rise to a strong inference that [Sterling] acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A). With the exception of inferences from CW4's testimony that regulators informed Sterling of its unsafe and unsound banking practices, Roseville has not pled any facts supporting an inference of actual knowledge of falsity of Sterling. In particular, there is no allegation that Sterling received the June 2009 Report detailing violations before Sterling made its last statement. And missing from CW4's testimony is personal knowledge of what Sterling executives

4

knew or were specifically told by the regulators. The firing of two executives after the CDO was released does not give rise to an inference of scienter, because Roseville does not "allege sufficient information to differentiate between a suspicious change in personnel and a benign one." *Zucco Partners*, 552 F.3d at 1002. Roseville also relies heavily on the inference that, due to their positions, Sterling executives must have known about the unsafe and unsound banking practices. That inference is entirely speculative and does not rise to the required strong inference; the inference of scienter is not "at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 14-16814, 2017 WL 1753276, at *10-13 (9th Cir. May 5, 2017).

4.   "To establish 'controlling person' liability [under section 20(a) of the Securities Exchange Act of 1934], the plaintiff must show that a primary violation was committed and that the defendant 'directly or indirectly' controlled the violator." *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1161 (9th Cir. 1996). Roseville alleges a "primary violation" of section 10(b). Because we affirm the dismissal of the section 10(b) claim, there is no "primary violation"

remaining in the case, and we must also affirm the dismissal of the section 20(a) claim.

**5.** We deny Roseville's motion for judicial notice and Sterling's motion to strike as unnecessary.

**AFFIRMED.**